ELIZA A. JONES, HOWARD B. JONES, AND MABEL JONES WILKER, EXECUTORS, ESTATE OF ARTHUR B. JONES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 17186, 26581. Promulgated December 14, 1928.

*William B. Hale, Esq.,* and *Calvin F. Selfridge, Esq.,* for the petitioners.

*R. H. Ritterbush, Esq.,* and *William S. Delany, Esq.,* for the respondent.

736

OPINION.

STERNHAGEN: Under docket No. 17186 the petitioner assigned as error the action of the respondent in disallowing as a deduction the amount of $50 claimed by the petitioner as a deduction for a bad debt owing from John B. Rees. However, no evidence was adduced with regard to this assignment of error and it will be decided in favor of the respondent.

The remaining question to be decided is whether the respondent erred in disallowing as a deduction from income for the year 1921, the amount of $69,749.80, and from income for the year 1922 the amount of $51,287.30, which amounts were claimed by the petitioner in his returns for the respective years as deductions for bad debts owing from the E. C. Manufacturing Co.

Section 214 (a) (7) of the Revenue Act of 1921 provides:

That in computing net income there shall be allowed as deductions:

\* . \* \* \* \* \* \*

(7) Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

The evidence discloses that A. B. Jones kept no books of account except his check book. During the years 1921 and 1922, and even as early as 1919, he was aware that the E. C. Manufacturing Co. was in poor financial condition. Richard H. Peel testified that he assisted Jones in preparing his returns for the years 1921 and 1922, and that at those times they had before them the balance sheets of the E. C. Manufacturing Co. and that from such sheets the extent of the worthlessness of the obligations of the E. C. Manufacturing

Co. to Jones was calculated. But there is no evidence as to when such calculations were made. We can not speculate, for example, as to whether the calculations with regard to the return for 1921 took place in 1921 or in 1922. We have repeatedly held that deductions for bad debts can only be allowed when the worthlessness is ascertained within the year for which the deduction is claimed. We must hold that no deductions are allowable.

*Judgment will be entered for the respondent.*